## UNITED STATES of America, Plaintiff—Appellee,

v.

## Salvador NAVARRO–GONZALEZ, Defendant—Appellant.

No. 03–30442.

D.C. No. CR–02–30070–MRH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 1, 2004.

Decided Nov. 15, 2004.

Douglas Wong, U.S. Attorney's Office, Medford, OR, for Plaintiff–Appellee.

Tonia Moro, Office of the Public Defender, Medford, OR, for Defendant–Appellant.

Before FERGUSON, TROTT, and KLEINFELD, Circuit Judges.

MEMORANDUM *

Defendant Navarro–Gonzalez appeals the district court's decision denying him a downward departure for sentencing entrapment. Although Navarro–Gonzalez concedes that he sold the quantity of drugs on which the sentencing was based, he still claims sentencing entrapment in that the Government manufactured the size of the crime, not the crime itself. We conclude that the district court did not abuse its discretion in determining the quantity.

The district court fully considered Appellant's arguments for sentencing entrapment and found that "this defendant was ready and willing to engage in this transaction, and sentencing entrapment has not been proved here." In the context of the arguments, this finding addressed Appellant's capability and predisposition and was sufficient to resolve the issue. That Appellant could deliver the quantity was established by the fact that he did and by

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

his remarks to the informant suggesting that he could provide the quantity if the buyer brought enough money to secure payment.

Application Note 12 to U.S.S.G. § 2D1.1 does not require that a lesser amount be used to determine the drug quantity. The "was not capable of providing" language that Appellant relies on does not apply because Appellant did not "establish ... that he ... did not intend to provide, or was not reasonably capable of providing, the agreed-upon quantity." This case was not a reverse sting, and the amount actually delivered accurately reflected the scale of the offense. *United States v. Naranjo*,[1] by contrast, did involve a reverse sting, and the only reason the defendant could buy the quantity for which he was erroneously sentenced was that the government put it on the table with one hand and paid for it with the other.

Navarro–Gonzalez argues also that the district court erred by failing to recognize its discretion to depart downward for Navarro–Gonzalez's alien status. The district court recognized its authority to grant a downward departure to Navarro–Gonzalez based on his alien status but decided the departure was not appropriate in this case. Since this was a discretionary decision, we cannot review it.[2]

**AFFIRMED.**

---

**1.** *United States v. Naranjo*, 52 F.3d 245 (9th Cir.1995).

**2.** *See United States v. Romero*, 293 F.3d 1120, 1126 (9th Cir.2002), *cert. denied*, 537 U.S. 1144, 123 S.Ct. 948, 154 L.Ed.2d 844 (2003).